1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                           EASTERN DISTRICT OF CALIFORNIA

8

ARNOLD GARCIA JARAMILLO,            )        1:06-CV-00498 AWI SMS HC
9                                   )
                Petitioner,         )
10                                  )        ORDER GRANTING PETITIONER LEAVE
        v.                          )        TO FILE A MOTION TO AMEND THE
11                                  )        PETITION AND NAME A PROPER
WARDEN,                             )        RESPONDENT
12                                  )
                Respondent.         )
13 _____ )

14

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus
15
pursuant to 28 U.S.C. § 2254.
16
                                    **DISCUSSION**
17
        Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review
18
of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears
19
from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing
20
2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas
21
corpus should not be dismissed without leave to amend unless it appears that no tenable claim for
22
relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).
23
        In this case, Petitioner names Respondent as "Warden." Petitioner is incarcerated at
24
California State Prison located in Corcoran, California. The warden at that facility is A. K. Scribner.
25
        A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer
26
having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254
27
Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme
28

1  Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated

2  petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has

3  "day-to-day control over" the petitioner. <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir.

4  1992); <u>see</u> <u>also</u>, <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994). However,

5  the chief officer in charge of state penal institutions is also appropriate. <u>Ortiz</u>, 81 F.3d at 894;

6  <u>Stanley</u>, 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is his

7  probation or parole officer and the official in charge of the parole or probation agency or state

8  correctional agency.  <u>Id</u>.

9        Petitioner's failure to name a respondent requires dismissal of his habeas petition for lack of

10  jurisdiction. <u>Stanley</u>, 21 F.3d at 360;  <u>Olson v. California Adult Auth.</u>, 423 F.2d 1326, 1326 (9th Cir.

11  1970); <u>see also</u>, <u>Billiteri v. United States Bd. Of Parole</u>, 541 F.2d 938, 948 (2nd Cir. 1976).

12  However, the Court will give Petitioner the opportunity to cure this defect by amending the petition

13  to name a proper respondent, such as the warden of his facility.  <u>See</u> <u>West v. Louisiana</u>, 478 F.2d

14  1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc)

15  (allowing petitioner to amend petition to name proper respondent); <u>Ashley v. State of Washington</u>,

16  394 F.2d 125 (9th Cir. 1968) (same).  In the interests of judicial economy, Petitioner need not file an

17  amended petition.  Instead, Petitioner may file a motion entitled "Motion to Amend the Petition to

18  Name a Proper Respondent" wherein Petitioner may name the proper respondent in this action.

19                                          **ORDER**

20        Accordingly, Petitioner is GRANTED thirty (30) days from the date of service of this order

21  in which to file a motion to amend the instant petition and name a proper respondent.  Failure to

22  amend the petition and state a proper respondent will result in a recommendation that the petition be

23  dismissed for lack of jurisdiction.

24  IT IS SO ORDERED.

25  **Dated:    May 24, 2006**                          /s/ Sandra M. Snyder
    icido3                                    UNITED STATES MAGISTRATE JUDGE

26

27

28