# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNOLD GARCIA JARAMILLO, | 1:06-CV-00498 SMS HC |
| Petitioner, | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT FOR RESPONDENT |
| A. K. SCRIBNER, Warden, | |
| Respondent. | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties having voluntarily consented to exercise of Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1), by order dated August 18, 2006, this case was assigned to the undersigned for all purposes, including entry of final judgment.

## BACKGROUND

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Kings, following his conviction by plea of no contest on March 8, 2004, of conspiracy to sell methamphetamine with a prior conviction (Cal. Penal Code § 182(a)(1); Cal. Health & Saf. Code § 11379). (LD[1] 3; CT[2] 173-193.) On March 8,

---

[1] "LD" refers to the documents lodged by Respondent with the answer.

[2] "CT" refers to the Clerk's Transcript on Appeal.

2004, Petitioner was sentenced to serve a total determinate term of seven years in state prison. (CT 210.)

Petitioner filed a notice of appeal. On July 11, 2005, the California Court of Appeal, Fifth Appellate District (hereinafter "Fifth DCA"), affirmed the judgment. (LD 3.) He then filed a petition for review in the California Supreme Court. (LD 4.) On September 21, 2005, the petition was denied. (LD 4.)

On February 28, 2006, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (LD 5.) The petition was denied on March 15, 2006. (LD 5.)

On February 1, 2006, Petitioner filed the instant petition for writ of habeas corpus. He filed the instant first amended petition on April 12, 2006. On September 14, 2006, Respondent filed an answer to the petition. Petitioner filed a traverse on March 26, 2007.

**FACTUAL BACKGROUND**

On September 26, 2002, the Kings County Narcotics Task Force raided Petitioner's apartment. (CT 33-35.) Petitioner was located in the apartment and arrested. (CT 35.) At the same time that Petitioner was taken into custody, his co-defendant, Chris Jaramillo, was seen heading to the bathroom. (CT 35.) Supervisor Ortiz attempted to follow but Chris Jaramillo slammed the bathroom door in his face. (CT 35.) The officers then heard the toilet flush. (CT 35.) Ortiz breached the bathroom door and located Chris Jaramillo standing next to the toilet as the toilet completed its flush cycle. (CT 35-36.) Chris Jaramillo was fully clothed and his zipper was not down. (CT 37-38.) He later stated that he had flushed approximately a "teener" of methamphetamine down the toilet. (CT 82.) Building maintenance eventually removed the toilet and a torn plastic sandwich bag was found stuck near the base. (CT 44.)  The plastic bag was much larger than what would commonly be used to contain a "teener" of methamphetamine. (CT 83.)

Officers conducted a search of the premises. During the search of a sofa, officers discovered a set of brass knuckles and a wallet with identification belonging to Petitioner containing $1,710.00 in U.S. currency. (CT 39-40.) Officers also discovered three papers containing recipes for "crystal meth," "magic cookies," and "ephedrine." (CT 43.) A purple gram scale was found on the floor in a hallway. (CT 46.) A white powdery substance was found on the scale, and the powder tested positive

for the presence of methamphetamine. (CT 46-47.) Officers also discovered other items that were consistent with methamphetamine use and trafficking, such as straws, pieces of plastic bags, a home-made smoking device, a white metal scale, and a "pay/owe sheet." (CT 47-50.)  However, officers did not find any equipment or chemicals commonly associated with the manufacture of methamphetamine. (CT 56-57.)

Officers also discovered illegal fireworks in one of the bedrooms. (CT 50, 81.) They were turned over to Fire Marshal Mike Virden of the Kings County Fire Department. (CT 50-51.) Petitioner claimed ownership of the fireworks as well as the white metal scale. (CT 81.)

Urine samples taken from Petitioner and his co-defendant tested positive for amphetamines. (CT 98-99.)

## DISCUSSION

### I.  Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution.  In addition, the conviction challenged arises out of the Kings County Superior Court, which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a); 2241(d).  Accordingly, the Court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997), *cert. denied,* 522 U.S. 1008 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

### II.  Legal Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody

1  pursuant to the judgment of a State court only on the ground that he is in custody in violation of the
2  Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

3      The instant petition is reviewed under the provisions of the Antiterrorism and Effective Death
4  Penalty Act which became effective on April 24, 1996. Lockyer v. Andrade, 538 U.S. 63, 70
5  (2003). Under the AEDPA, an application for habeas corpus will not be granted unless the
6  adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable
7  application of, clearly established Federal law, as determined by the Supreme Court of the United
8  States" or "resulted in a decision that was based on an unreasonable determination of the facts in
9  light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); see Lockyer,
10 538 U.S. at 70-71; see Williams, 529 U.S. at 413.

11     As a threshold matter, this Court must "first decide what constitutes 'clearly established
12 Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71,
13 *quoting* 28 U.S.C. § 2254(d)(1). In ascertaining what is "clearly established Federal law," this Court
14 must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time
15 of the relevant state-court decision." Id., *quoting* Williams, 592 U.S. at 412. "In other words, 'clearly
16 established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by
17 the Supreme Court at the time the state court renders its decision." Id.

18     Finally, this Court must consider whether the state court's decision was "contrary to, or
19 involved an unreasonable application of, clearly established Federal law." Lockyer, 538 U.S. at 72,
20 *quoting* 28 U.S.C. § 2254(d)(1). "Under the 'contrary to' clause, a federal habeas court may grant the
21 writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a
22 question of law or if the state court decides a case differently than [the] Court has on a set of
23 materially indistinguishable facts." Williams, 529 U.S. at 413; see also Lockyer, 538 U.S. at 72.
24 "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state
25 court identifies the correct governing legal principle from [the] Court's decisions but unreasonably
26 applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413.

27     "[A] federal court may not issue the writ simply because the court concludes in its
28 independent judgment that the relevant state court decision applied clearly established federal law

1 erroneously or incorrectly.  Rather, that application must also be unreasonable." Id. at 411.  A
2 federal habeas court making the "unreasonable application" inquiry should ask whether the state
3 court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

4    Petitioner has the burden of establishing that the decision of the state court is contrary to or
5 involved an unreasonable application of United States Supreme Court precedent. Baylor v. Estelle,
6 94 F.3d 1321, 1325 (9th Cir. 1996).  Although only Supreme Court law is binding on the states,
7 Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court
8 decision is objectively unreasonable.  See Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th
9 Cir.1999).

10    AEDPA requires that we give considerable deference to state court decisions. The state
11 court's factual findings are presumed correct, 28 U.S.C. § 2254(e)(1), and we are bound by a state's
12 interpretation of its own laws. Souch v. Schaivo, 289 F.3d 616, 621 (9th Cir.2002), *cert. denied*, 537
13 U.S. 859 (2002), *rehearing denied*, 537 U.S. 1149 (2003).

14 **III.  Review of Petition**

15    In his one ground for relief, Petitioner alleges the evidence was insufficient to support his
16 conviction for conspiracy to sell a controlled substance. Respondent argues the ground is
17 procedurally defaulted, foreclosed from federal review, and does not present a cognizable federal
18 claim for relief.

19    **A.  Procedural Default**

20    Petitioner did not present the instant claim on direct appeal to the California Court of Appeal
21 or in his petition for review to the California Supreme Court. It was first presented in a petition for
22 writ of habeas corpus to the California Supreme Court on February 28, 2006. (LD 5.) It was denied
23 on March 15, 2006, with citation to In re Lindley, 29 Cal.3d 709 (1947). (LD 5.) A citation to In re
24 Lindley stands for the proposition that habeas corpus is not the proper method to retry issues of fact
25 or the merits of a defense, or to challenge the sufficiency of the evidence. Id. at 723. Such issues
26 must be brought on appeal.

27    A federal court will not review claims in a petition for writ of habeas corpus if the state court
28 has denied relief on those claims by a state law that is independent of federal law and adequate to

support the judgment. Coleman v. Thompson, 501 U.S. 722, 750 (1989). In Carter v. Giurbino, 385 F.3d 1194, 1197 (9th Cir.2004), the Ninth Circuit noted the Lindley procedural bar: "A petitioner who fails to exhaust sufficiency of evidence claims in his direct appeal and raises them instead in a subsequent state habeas petition has procedurally defaulted those claims as a matter of California law." See also Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir.1986). In Carter, the Ninth Circuit further held that Lindley is an independent and adequate state ground. 385 F.3d at 1198.

In this case, Petitioner did not raise his insufficiency of evidence claim on direct appeal. He first presented it in his habeas petition to the California Supreme Court. Therefore, the California Supreme Court's citation to Lindley procedurally bars this Court from reviewing the claim.

### B.  No Federal Review of Claim Allowed

Respondent further alleges that review of this claim is foreclosed by Petitioner's plea of no contest. Respondent's arguments are persuasive. In Tollett v. Henderson, 411 U.S. 258, 267 (1973), the Supreme Court stated:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea . . . .

Petitioner does not challenge the voluntariness of his plea; he only challenges the sufficiency of the evidence. Therefore, federal review is not allowed.

### C.  Other Claims for Relief

In his traverse, Petitioner attempts to raise additional claims for relief such as ineffective assistance of trial and appellate counsel, unconstitutional search and seizure, and violation of his right to jury trial. These claims must be rejected because "[a] Traverse is not the proper pleading to raise additional grounds for relief." Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir.1994).

### IV.  Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

    (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

    (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

    (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

        (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

        (B) the final order in a proceeding under section 2255.

    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

    (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

///

///

///

///

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DENIED WITH PREJUDICE;

2) The Clerk of Court is DIRECTED to enter judgment for Respondent; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:     August 4, 2008                        /s/ Sandra M. Snyder**
                                                UNITED STATES MAGISTRATE JUDGE